"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE R. CHIAPPONE, ) | Case No. ED CV 05-175 AN |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is denied, and the Commissioner's request for an order affirming her final decision is granted.

/ / /

/ / /

Plaintiff filed her SSI application on October 15, 1998.[1] [AR at 23.] That application was denied initially and on reconsideration. [AR at 119.] Because Plaintiff's request for an administrative hearing was untimely, her request was denied. [AR at 119.] Therefore, the date of the reconsideration determination, July 20, 1999, stands as the Commissioner's final decision with respect to the issue of disability through that date. Plaintiff filed her current application for benefits on March 11, 2002. [AR at 12, 189-91.] That application was denied initially, on reconsideration, and after an administrative hearing before an Administrative Law Judge ("ALJ"). [AR at 21-65, 126-35, 137-40.] The Appeals Council remanded the case, and a new hearing was held. [AR at 66-116, 162-63.] The ALJ issued a second hearing decision on September 27, 2004, and the Appeals Council denied review. [AR at 4-6, 11-19.] Additional background facts are familiar to both parties and Plaintiff has stipulated that the ALJ's decision fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

In the JS, Plaintiff claims that the ALJ erred by: (1) failing to consider the opinions of disability expressed by her treating physicians, Christopher Ebbe, M.D. and Gurmit Sekhon, M.D.; (2) failing to develop the record with respect to the opinion of David H. Whitebread, M.D.; and (3) failing to properly address the opinion of Plaintiff's therapist, Brian Ward. The Commissioner disagrees.

Plaintiff's contention that the ALJ failed to address the opinions of Dr. Ebbe and Dr. Sekhon is belied by the record. In his first decision, the ALJ acknowledged that the medical record from Dr. Ebbe and Dr. Sekhon showed that Plaintiff had received monthly counseling and prescriptions for psychotropic medications. [AR at 128, 355-400.] The ALJ incorporated by reference his first decision into his current decision. [AR at 13.] Moreover, the ALJ correctly noted that SSI benefits may not be awarded retroactively prior to the date an application is filed. [AR at 12]; 20 C.F.R. § 416.335.

---

[1] Plaintiff previously filed an application for SSI on February 27, 1980. [Administrative Record ("AR") at 23.] That application was denied. [AR at 23.]

Because Dr. Ebbe's and Dr. Sekhon's opinions are from 1999 and 2000, they have minimal relevance to Plaintiff's current claim of disability which was filed on March 11, 2002. [AR at 355-400.] Further, the ALJ properly relied on the opinions of the consultative psychiatric examiner, Linda Smith, M.D., and the medical consultant, Michael Kania, M.D. [AR at 15-17, 128.] Dr. Smith diagnosed Plaintiff with mood disorder not otherwise specified, but found that Plaintiff's condition was not severe and that Plaintiff was at most mildly impaired due to mood. [AR at 410-11.] Similarly, Dr. Kania opined that Plaintiff had only mild difficulties in maintaining social functioning and mild difficulties in maintaining concentration, persistence or pace. [AR at 16.] Because Dr. Smith's opinion is based on independent, clinical findings, it constitutes substantial evidence to support the ALJ's evaluation of the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Dr. Kania's opinion also provides support for the ALJ's decision. *See Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 602 (9th Cir. 1999)(explaining that the rejection of the opinion of an examining or treating physician may be based, in part, on the testimony of a non-treating, non-examining medical advisor, when consistent with other independent evidence in the record).

Plaintiff's contention that the ALJ failed to develop the record with respect to Dr. Whitebread's opinion of disability is without merit. On April 2, 2002, Dr. Whitebread completed a one-page form statement reporting that Plaintiff was unable to work. [AR at 14.] Dr. Whitebread also indicated in the same form, however, that Plaintiff did not have any limitations that affected her ability to work or participate in education or training, and that Plaintiff's condition did not prevent her from providing care for herself or for children in the home. [AR at 401.] The ALJ properly resolved the apparent inconsistency and interpreted Dr. Whitebread's opinion as precluding Plaintiff from being able to perform her previous work. [AR at 15]; *Andrews*, 53 F.3d at 1041 (when the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld). Moreover, the ALJ concluded that an opinion of complete disability

was contradicted by the opinions of the consultative examiners. [AR at 15]; *see* 20 C.F.R. § 416.927 ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all of the evidence and see whether we can decide whether you are disabled based on the evidence we have.") Further, the ALJ noted that a finding of disability was not supported by Dr. Whitebread's own treatment records. [AR at 14]; *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir.1983)(An ALJ is permitted to discount speculative opinions of physicians); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Thus, the ALJ did not err by failing to develop the record further with respect to Dr. Whitebread's opinion. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence).

Next, Plaintiff contends that the ALJ erred by ignoring the third party questionnaire completed by her therapist, Brian Vance. Mr. Vance reported that Plaintiff has "difficulty concentrating when she is experiencing [a] severe state of depression," "difficulty following through at times," and "difficulty getting motivated to complete tasks." [AR at 238.] Generally, lay witness testimony should not be ignored without comment by the ALJ. *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993). Mr. Vance's statement, however, was consistent with the ALJ's conclusion that Plaintiff was limited to performing simple, repetitive three and four step tasks in a habituated object oriented work setting with minimal contact with the public and no intense interpersonal relationships with coworkers or supervisors, and that Plaintiff was precluded from work requiring hypervigilance or involving safety operations. [AR at 13.] Moreover, as discussed above, the medical evidence supported the ALJ's decision that Plaintiff was not disabled. Thus, any error by the ALJ in failing to give specific reasons for disregarding Mr. Vance's statement was harmless. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(holding that an ALJ's failure to discuss lay testimony did not require reversal because the medical evidence supported the ALJ's decision that the

plaintiff was not disabled).

## II.  CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED.  The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:    January 6, 2006            /s/ Arthur Nakazato
                                                   ARTHUR NAKAZATO
                                          UNITED STATES MAGISTRATE JUDGE